## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 14, 2011

Lyle W. Cayce
Clerk

No. 11-10109
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

IRIS RIVERA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CR-95-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Iris Rivera appeals her sentence of 18-months' imprisonment imposed upon revocation of her supervised release, a sentence above the suggested Sentencing Guidelines range. Rivera contends the sentence is "plainly unreasonable" because the district court considered her socioeconomic status when selecting the sentence. Rivera points to the following statement by the district court to support her contention: "This particular defendant, it's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

perplexing to me because she comes from a home which is a home of privilege, and, yet, she made some bad choices."

Revocation sentences are ordinarily reviewed under a "plainly unreasonable standard". *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011), *petition for cert. filed* (May 27, 2011) (No. 10-10784). But, although Rivera objected to her sentence as being procedurally and substantively unreasonable, the specific basis for Rivera's claim here—that her socioeconomic status was improperly considered—was *not* stated in district court. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009) (where defendant fails to object on specific grounds to the reasonableness of the sentence, thereby denying the court the opportunity to identify and correct any errors, review is only for plain error). Because Rivera did *not* preserve her claim in district court, it is subject only to plain-error review. *E.g., Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009); *Dunigan*, 555 F.3d at 506; *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

To establish reversible plain error, Rivera must show a clear or obvious error affecting her substantial rights. *E.g., Puckett*, 129 S. Ct. at 1429. Even if plain reversible error is shown, our court retains discretion to correct the error and will do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation and internal quotation marks omitted).

Congress has required that the Guidelines be "entirely neutral" regarding an offender's socioeconomic status. 28 U.S.C. § 994(d). To that end, the Guidelines state that socioeconomic status is irrelevant to sentence selection. U.S.S.G. § 5H1.10; *see also United States v. Peltier*, 505 F.3d 389, 393-94 (5th Cir. 2007).

Rivera contends her claim is governed by *United States v. Hatchett*, 923 F.2d 369, 375 (5th Cir. 1991), *overruled on other grounds by United States v. Calverley*, 37 F.3d 160, 162-63 & n.20 (5th Cir. 1994), in which our court vacated

sentences because it could *not* determine whether the sentences had been influenced by the socioeconomic status of the four defendants. But, the district court in *Hatchett* explicitly sentenced two of the defendants based on their socioeconomic status and did so implicitly for the other two. *Id.* at 373. For Rivera, the district court neither stated nor implied it was imposing an 18-month sentence *because* of Rivera's privileged background. The district court merely expressed its being perplexed that, given her background, Rivera had made the "bad choices" that had involved her in the drug culture. The district court explicitly stated it chose the sentence it did because "the *only* thing [the court] can do is impose a sentence which will invoke some type of a consequence for [Rivera's] actions" in violating her supervised release.

In any event, the district court's "strong emphasis" on needing consequences for wrongful actions shows any "reliance on socioeconomic status [was] neither [clear or obvious error] nor so essential to the judgment as to affect [Rivera's] substantial rights". *Peltier*, 505 F.3d at 393-94. Consequently, Rivera has *not* shown reversible plain error for her claim that her 18-month sentence was imposed because of her socioeconomic status. *See Puckett*, 129 S. Ct. at 1429; *Peltier*, 505 F.3d at 393-94.

AFFIRMED.